NOT DESIGNATED FOR PUBLICATION

No. 116,711

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUANITA F. DAVIS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed July 21, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN, and POWELL, JJ.

LEBEN, J.: Juanita F. Davis appeals the district court's decision to revoke her probation and require that she serve her underlying prison sentence. Davis contends that the district court should have instead given her another chance at probation rather than sending her to prison.

But Davis had admitted to the district court that she had committed a new offense—domestic violence. And that gave the district court the discretion to send her to prison. We find no abuse of discretion in the district court's decision to do so.

Davis' underlying offense, for which she was placed on probation, was fleeing from or attempting to elude a law-enforcement officer, a felony. The district court

sentenced Davis to a 12-month term of probation, with an underlying prison sentence of 8 months that she would have to serve if she didn't successfully complete her probation. Davis was also convicted in the same case of driving with a suspended driver's license, a misdemeanor; she received probation with an underlying 6-month sentence for that offense, but that sentence runs concurrently with her felony sentence, making the overall sentence 8 months in prison.

The State alleged several probation violations in two arrest warrants, and Davis admitted to all the violations. The violations included committing domestic violence, failing to submit to drug testing when ordered to do so, failing to timely report changes of address and contacts with law enforcement to her probation officer, and failing to make payments toward her fines and court costs.

At the hearing, Davis sought to minimize her new domestic-violence offense by asserting that her then-boyfriend, who was also arrested, had been the aggressor. She contends that consideration of her complete record should have led the district court to give her another chance on probation.

Once a probation violation has been established, the decision to revoke probation has traditionally been considered within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). That discretion is now limited by K.S.A. 2016 Supp. 22-3716, which generally requires the court to use intermediate sanctions (like a short stay in jail) before imposing the prison term for probation violations.

But that statute's provision requiring intermediate sanctions before ordering the defendant to serve the underlying prison sentence does not apply once the court finds that the defendant has committed a new offense. See K.S.A. 2016 Supp. 22-3716(c)(8). Accordingly, we review the district court's decision in Davis' case only for abuse of

discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

We find nothing unreasonable about the district court's decision here. In addition to committing domestic violence while on her probation, Davis failed to comply in several other important respects. A reasonable person could agree with the district court's decision to impose the prison sentence in light of her probation violations.

On Davis' motion, we accepted this appeal for summary disposition under K.S.A. 2016 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). We have reviewed the record that was available to the sentencing court, and we find no error in its decision to revoke Davis' probation.

The district court's judgment is therefore affirmed.